## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Freedom of the Press Foundation**
49 Flatbush Ave., #1017
Brooklyn, NY 11217

        Plaintiff,

v.

**Office of the Director of National Intelligence**
Washington, DC 20511

        Defendant.

Case No. 1:25-cv-3386

### Complaint for Declaratory and Injunctive Relief

Plaintiff Freedom of the Press Foundation brings this suit against Defendant Office of the Director of National Intelligence ("ODNI"), stating in support:

### Introduction

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2. Through the FOIA, the Freedom of the Press Foundation seeks disclosure of agency records they requested from ODNI relating to the agency's firing of its chief FOIA officer after ODNI disclosed an intelligence assessment in response to a FOIA request and relating to a social media post by Director of National Intelligence Tulsi Gabbard that accused a journalist at *The Washington Post* of misconduct and alleged harassment and tried to shame the *Post* for "go[ing] after" intelligence officials.

3. ODNI has improperly denied the Freedom of the Press Foundation access to the requested records by constructively denying the FOIA requests. ODNI has therefore

Case 1:25-cv-03386-CRC   Document 1   Filed 09/24/25   Page 2 of 7

violated the FOIA and have contravened its purpose of ensuring the public remains informed about "what their government is up to." *See Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989).

4. The Court should order ODNI to disclose the requested records immediately.

## Parties

5. The Freedom of the Press Foundation is a 501(c)(3) non-profit organization dedicated to advocating for press freedom and government transparency.

6. ODNI is an agency within the meaning of 5 U.S.C. § 552(f). It has possession and control of the public records that the Freedom of the Press Foundation has requested.

## Jurisdiction and Venue

7. This action arises under the FOIA. This Court thus has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## Background

**A. After disclosure of an intelligence assessment contradicting the Trump Administration's claims, ODNI fires its chief FOIA officer and accuses a journalist of misconduct.**

9. In Spring 2025, the *New York Times* and *The Washington Post* reported that U.S. intelligence agencies disagreed with Trump Administration claims that the Venezue-

— 2 —

lan government was directing a prison gang known as Tren de Aragua, whose alleged infiltration into the United States served as attempted justification for the administration's effort to summarily deport suspected members of the group.[1]

10.     In May 2025, and in response to a FOIA request from the Freedom of the Press Foundation, ODNI declassified the memo reflecting that intelligence assessment and disclosed it to the Freedom of the Press Foundation.[2]

11.     On July 8, 2025, the *Post* reported that Director of National Intelligence Tulsi Gabbard "fired two people involved in FOIA matters, including one who facilitated the release of the Venezuela assessment" in response to the Freedom of the Press Foundation's FOIA request.[3] On information and belief, one of those fired staff members was Erin Morrison, the former Chief of ODNI's Information Review & Release Group.

12.     The same *Post* article, written by *Post* journalist Ellen Nakashima and two other reporters, also reported that a team at ODNI that Gabbard created was seeking to

---

[1] Charlie Savage and Julian E. Barnes, *Intelligence Assessment Said to Contradict Trump on Venezuelan Gang*, N.Y. Times (March 20, 2025), http://bit.ly/4pybhrd (reporting at agencies' assessment stood "starkly at odds" with the administration's claims about Tren de Aragua); John Hudson and Warren P. Strobel, *U.S. intelligence contradicts Trump's justification for mass deportations*, Wash. Post (April 17, 2025), http://bit.ly/4mutUK6 (reporting on "secret assessment" that concluded "that the Venezuelan government is not directing an invasion of the United States by the prison gang Tren de Aragua").

[2] *See* Press Release, *FOIA win by FPF undermines new DOJ policy on journalists and sources*, Freedom of the Press Foundation (May 6, 2025), http://bit.ly/4nJfNle; Charlie Savage and Julian E. Barnes, *Spy Agencies Do Not Think Venezuela Directs Gang, Declassified Memo Shows*, N.Y. Times (May 5, 2025), http://bit.ly/420nA5D.

[3] *See* Ellen Nakashima, *et al.*, *Gabbard's team has sought spy agency data to enforce Trump's agenda*, Wash. Post (July 8, 2025), http://bit.ly/3I9IYPf.

obtain emails and chat logs from the largest U.S. intelligence agencies and use artificial intelligence "to ferret out what the administration deems as efforts to undermine its agenda."[4]

13.     Shortly before that article was published, Gabbard published the following social media post on the X platform publicly accusing Nakashima of "harassing ODNI staff" and other alleged misconduct and demanding that the *Post* "put an end to this immediately":



Ex. 1; *see also* https://x.com/DNIGabbard/status/1940796626735395098.

---

[4] *Id.*

### B. Freedom of the Press Foundation submits FOIA requests about the FOIA officer's firing and Gabbard's accusations.

#### 1. Request No. 1

14. On July 3, 2025, the Freedom of the Press Foundation submitted a FOIA request to ODNI seeking:

> All documents and communications that were provided to, or otherwise relied on by, Director of National Intelligence Tulsi Gabbard to support her July 3, 2025, assertion on X that Washington Post reporter Ellen Nakashima refused to identify herself in the course of her reporting, lied about the fact she worked for the Washington Post, and demanded agency officials share sensitive information.

*See* Ex. 2 at 2.

15. Despite acknowledging receipt of the request on July 8, 2025, *see* Ex. 3, and despite its duty under the FOIA, ODNI has failed to notify the Freedom of the Press Foundation of the scope of documents that they will produce or the scope of documents that they plan to withhold in response to this request.

#### 2. Request No. 2

16. On July 10, 2025, the Freedom of the Press Foundation submitted a FOIA request to ODNI seeking:

> All emails exchanged [on and after April 25, 2025] between Erin Morrison, chief of the Information Review & Release Group - Information Management Office, and Joe Kent, the acting chief of staff for Tulsi Gabbard.

*See* Ex. 4 at 1.

17. Despite acknowledging receipt of the request on August 5, 2025, *see* Ex. 5, and despite its duty under the FOIA, ODNI has failed to notify the Freedom of the Press

Foundation of the scope of documents that they will produce or the scope of documents that they plan to withhold in response to this request.

## Claim for Relief

### Count I—Declaratory and Injunctive Relief
### (Constructive Denial in Violation of FOIA, 5 U.S.C. § 552)

18. The Freedom of the Press Foundation re-alleges and incorporates by reference all previous paragraphs as if fully set forth herein.

19. The Freedom of the Press Foundation's FOIA requests were properly made and seek disclosure of agency records within the control of ODNI, which is an agency subject to the FOIA.

20. ODNI has failed to communicate the Freedom of the Press Foundation the required "determination" within the meaning of the FOIA in the timeframe required by law. *See* 5 U.S.C. § 552(a)(6)(A).

21. ODNI has failed to disclose all non-exempt public records responsive to the Freedom of the Press Foundation's FOIA requests.

22. There is no lawful basis for ODNI to withhold, in whole or in part, the public records that Plaintiffs have requested.

## Prayer for Relief

The Freedom of the Press Foundation asks that the Court:

A. Provide for expeditious proceedings in this action;

B. Declare that the documents sought by the Freedom of the Press Foundation, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

C. Declare ODNI's failure to provide the public records unlawful under the

FOIA;

D.     Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing ODNI to make the requested records available to the Freedom of the Press Foundation, unredacted, and without further delay, and setting a deadline for compliance;

E.     Award the Freedom of the Press Foundation its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F.     Grant the Freedom of the Press Foundation such other and further relief as this Court may deem just and proper.

Date: September 24, 2025
　　　　　　　　　　　　　　　　　　*/s/ Matthew S.L. Cate*
　　　　　　　　　　　　　　　　　　Matthew S.L. Cate (#1720435)
　　　　　　　　　　　　　　　　　　**LAW OFFICE OF MATTHEW S.L. CATE**
　　　　　　　　　　　　　　　　　　101 Montgomery Street, Suite 900
　　　　　　　　　　　　　　　　　　San Francisco, CA  94014
　　　　　　　　　　　　　　　　　　Tel/Fax: 415-964-4400
　　　　　　　　　　　　　　　　　　matt@matthewcatelaw.com

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*
　　　　　　　　　　　　　　　　　　*Freedom of the Press Foundation* and