UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE,<br><br>    Defendant. | Civil Action No. 25-3386 (CRC) |

## ANSWER

Defendant, Office of the Director of National Intelligence ("ODNI"), respectfully submits the following Answer to Plaintiff's Complaint filed on September 24, 2025, in this Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, ("FOIA") case. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials in this response. However, Defendant's references are not intended to be, and should not be construed as, an admission that the cited materials are: correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant expressly denies all allegations in the Complaint, including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendant responds to the Complaint in corresponding, numbered paragraphs as follows:

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**[1]

This unnumbered paragraph consists of Plaintiff's characterization of this suit, to which no response is required. To the extent a response is deemed required, Defendant admits only that

---

[1]     Unless otherwise stated, for ease of reference, Defendant refers to Plaintiff's headings and

Plaintiff brings this action against ODNI and that Defendant's response to Plaintiff's allegations referenced in this paragraph are contained herein and as follows:

## INTRODUCTION

1.      This paragraph contains Plaintiff's characterization of this action to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff brings this action under FOIA but denies that Plaintiff is entitled to the relief requested herein or to any relief whatsoever.

2.      The allegations in this paragraph comprise Plaintiff's characterization of Plaintiff's FOIA requests to which no response is required. To the extent a response is deemed required, the requests speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to the requests for a full and accurate statement of their contents and denies any allegations in this paragraph inconsistent with those requests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f)

3.      The allegations in this paragraph comprise argument and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies all allegations of wrongdoing alleged in this paragraph. ODNI respectfully refers the Court to the FOIA for its full and accurate contents and denies all allegations in this paragraph inconsistent therewith.

---

titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

4.      The allegations in this paragraph comprise Plaintiff's claim to relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6.      Defendant admits the allegations in this paragraph that ODNI is an agency within the meaning of FOIA. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

## JURISDICTION

7.      This paragraph contains Plaintiff's conclusions of law concerning jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction over FOIA claims subject to the terms and limitations of the FOIA and 28 U.S.C. § 1331.

8.      This paragraph contains Plaintiff's conclusions of law concerning venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue over properly asserted FOIA claims lies in this district.

## BACKGROUND

**A. Plaintiff's Subsection A heading comprises what appears to be additional allegations that do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f) to the extent such heading is construed to contain separate factual allegations.**

9.-13. The allegations in this paragraph, concerning alleged events preceding Plaintiff's submission of its FOIA requests, do not appear to set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant

to Rule 12(f). Insofar as these allegations are deemed related to Plaintiff's subjective basis for submitting the FOIA requests at issue, Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's basis for submitting the requests and denies that Plaintiff is entitled to judicial relief on its requests.

**B. Plaintiff's Subsection B heading comprises what appears to be additional allegations regarding Plaintiff's characterization of Plaintiff's FOIA requests to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the requests for a full and accurate statement of their contents and denies any allegations in this paragraph inconsistent with those requests.**

**1. Request 1**

14. The allegations in this paragraph comprise Plaintiff's characterization of Plaintiff's FOIA request dated July 3, 2025, to which no response is required. To the extent a response is deemed required, Defendant admits that it received a FOIA request from Plaintiff dated July 3, 2025. Defendant further refers the Court to that FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

15. The allegations in this paragraph contain legal conclusions and argument to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of wrongdoing in this paragraph and respectfully refers the Court to the FOIA for its full and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith. Defendant admits only that ODNI sent Plaintiff an acknowledgement letter on July 8, 2025, and respectfully refers the Court to that letter for its full and accurate contents and denies all allegations in this paragraph inconsistent therewith.

**2. Request 2**

16. The allegations in this paragraph comprise Plaintiff's characterization of Plaintiff's FOIA request dated July 10, 2025, to which no response is required. To the extent a response is

deemed required, Defendant admits that it received a FOIA request from Plaintiff dated July 10, 2025. Defendant further refers the Court to that FOIA request for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

17.     The allegations in this paragraph contain legal conclusions and argument to which no response is required. To the extent a response is required, Defendant denies the allegations of wrongdoing in this paragraph and respectfully refers the Court to the FOIA for a full and accurate statement of its contents and denies all allegations in this paragraph inconsistent therewith. Defendant admits only that ODNI sent Plaintiff an acknowledgement letter on August 5, 2025, and respectfully refers the Court to that letter for its full and accurate contents and denies all allegations in this paragraph inconsistent therewith.

**CLAIM FOR RELIEF**

**COUNT I**

18.     Defendant realleges and incorporates by reference all of the proceeding paragraphs of this Answer as if fully stated in this paragraph.

19.     The allegations in this paragraph contain argument and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff has submitted the two FOIA requests alleged in the Complaint to ODNI, the propriety of which is subject to FOIA. Defendant respectfully refers the Court to the FOIA for its true and accurate contents and denies any allegations in this paragraph inconsistent therewith. Defendant further lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

20.     The allegations in this paragraph contain argument and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant respectfully refers

5

the Court to the FOIA for its full and accurate statement of its contents and denies any allegations in this paragraph inconsistent therewith. Defendant further admits that it has not yet issued a final response to Plaintiff's FOIA requests alleged in the Complaint.

21.     The allegations in this paragraph contain argument and legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies.

22.     The allegations in this paragraph contain argument and legal conclusions to which no response is deemed required. To the extent a response is deemed required, Defendant denies,

## PRAYER FOR RELIEF

This remainder of the Complaint starting with "The Freedom of Press Foundation asks" and continuing with subparagraphs A. through F. consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Defendant through the course of this litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or other applicable law.

**SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceeds the relief authorized under FOIA.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

**FIFTH DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under FOIA, to the extent such records exist.

**SIXTH DEFENSE**

Plaintiff's requests fail to comply with the requirements of FOIA to the extent it fails to reasonably describe the records sought or presents an unreasonably burdensome effort upon Defendant to search for, review, redact, and release any responsive records.

**SEVENTH DEFENSE**

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**EIGHTH DEFENSE**

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**NINTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

Dated: December 23, 2025          Respectfully submitted,
       Washington, D.C.           JEANINE FERRIS PIRRO,
                                 United States Attorney

                               By:   */s/ Anna D. Walker*
                               ANNA D. WALKER
                               D.C. Bar No. 90037215
                               Assistant United States Attorney
                               United States Attorney's Office
                               601 D. Street, N.W.
                               Washington, D.C. 20530
                               (202) 252-2544
                               Anna.Walker@usdoj.gov

                               *Counsel for United States of America*