UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Freedom of the Press Foundation**,

                Plaintiff,

v.

**Office of the Director of National Intelligence**,

                Defendant.

Case No. 1:25-cv-3386-CRC

**Plaintiff's Status Report**

Pursuant to the Court's January 5, 2026, Minute Order, and lacking agreement from Defendant Office of the Director of National Intelligence ("ODNI") to proceed jointly,[1] Plaintiff Freedom of the Press Foundation submits this status report apprising the Court of the status of this Freedom of Information Act ("FOIA") case.

This case involves two narrow FOIA requests, submitted to ODNI in July 2025. *See* Compl. One request seeks material that Director of National Intelligence Tulsi Gabbard relied upon to support claims she made in a July 3, 2025, social media post ("First Request"). The other seeks disclosure of emails exchanged between two ODNI officials, one of whom is no longer with the agency, on and after April 25, 2025 ("Second Request").

**Status of FOIA requests.** The FOIA requests implicate only a small universe of potentially responsive material. During the parties' efforts to confer in compliance with the Court's January 5 Order, counsel for ODNI represented that (1) ODNI had identified four documents—comprising 14 pages—responsive to the First Request and (2) that it does not

---

[1] ODNI has filed a motion for extension of time to file the joint status report. *See* Dkt. 11. Because the parties have not been relieved from filing a report, and because ODNI has indicated it will not join in one by the deadline, Plaintiff proceeds with this report alone.

believe it possesses records responsive to the Second Request but was in the process of confirming that.

**Effort to confer with ODNI for joint report.** After Plaintiff's counsel requested information about the status of the request, ODNI on January 16, 2026, circulated a draft status report that proposed a deadline of March 20, 2026, for ODNI to provide a final determination as to both of the FOIA requests. The same day, Plaintiff asked for more information about the status of the search for responsive material and about the number of pages at issue (which was not then known to Plaintiff) to support ODNI's proposed timeframe for potential disclosure. ODNI responded at 1:06 p.m. ET on January 20, 2026, representing that there are only 14 pages responsive to the First Request and asserting that ODNI would simply need sufficient time to review and process them. By 1:26 p.m. ET on January 20, 2026, Plaintiff conveyed its position on the appropriate timeframe, and asked ODNI to agree that (1) ODNI should commit to disclosing the 14 pages responsive to the First Request no later than January 30, 2026, (2) ODNI should commit to confirming whether it possesses records responsive to the Second Request no later than February 6, 2026, and (3) the parties should update the Court with a further status report within 30 days of today.

By 3:05 p.m. ET, counsel for ODNI conveyed that Plaintiff's proposal "will not work for ODNI." Plaintiff's counsel thus circulated a revised draft Joint Status Report that (1) contained the ODNI position as the agency originally conveyed and had since reconfirmed and (2) conveyed Plaintiff's position, which it had already been conveyed to ODNI, on the timeframe ODNI and this case should follow. Rather than complete what should have been a straightforward Joint Status Report and comply with the Court's January 5

Order, ODNI asked Plaintiff to agree to an extension of time to file the status report. Because the parties' positions were known and had already been conveyed to each other, Plaintiff explained that the parties should comply with the Court's order and submit a joint report. ODNI instead prepared and filed its motion.

**Plaintiff's statement regarding disclosure and/or briefing.** ODNI should promptly provide its final determinations in response to the FOIA requests, and the parties should be prepared to update the Court within 30 days whether and what issues remain to be resolved in this case. To that end:

- ODNI should disclose all non-exempt material responsive to the First Request, and simultaneously provide its basis for withholding any allegedly exempt material, no later than **January 30, 2026**;

- ODNI should provide its final determination regarding and/or disclose the material responsive to the Second Request no later than **February 6, 2026**; and

- the parties should submit a further Joint Status Report by **February 19, 2026**, that identifies any issues that may remain and, if necessary, a briefing schedule to bring those matters before the Court.

Respectfully submitted,

Date: January 20, 2026

/s/ Matthew S.L. Cate
Matthew S.L. Cate (#1720435)
**LAW OFFICE OF MATTHEW S.L. CATE**
101 Montgomery Street, Suite 900
San Francisco, CA  94104
Tel/Fax: 415-964-4400
matt@matthewcatelaw.com

*Counsel for Plaintiff*
*Freedom of the Press Foundation*