UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF NATIONAL INTELLIGENCE<br><br>Defendant. | Civil Action No. 25-3386 (CRC) |

**JOINT STATUS REPORT**

Pursuant to this Court's January 5, 2026, Minute Order, and Defendant's Motion to Extend, (ECF No. 11), Defendant, Office of the Director of National Intelligence ("ODNI"), and Plaintiff, Freedom of the Press Foundation, respectfully submit the following joint status report in this Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, ("FOIA") case in which the parties propose a schedule for disclosure. *See* Jan. 5, 2026, Min. Order.

Plaintiff seeks documents responsive to two FOIA requests that Plaintiff submitted to ODNI on July 3, 2025, and July 10, 2025. Plaintiff filed this Complaint on September 24, 2025, (ECF No. 1), and Defendant filed its Answer on December 23, 2026 (ECF No. 10). ODNI states that it identified four records potentially responsive to Plaintiff's first request, but expects to issue a no records-response to Plaintiff's second request. ODNI has also reported to Plaintiff that it expects to issue a final response to both requests by February 26, 2026. Plaintiff contests ODNI's proposed response schedule and has filed a proposed schedule in Plaintiff's January 20, 2026, status report (ECF No. 12). The parties address their competing positions in further detail below:

**Defendant's Position**

As an initial matter, Defendant asks that the Court strike Plaintiff's unilateral status report filed on January 20, 2026 for several reasons. First, Plaintiff's unilateral report does not comply with this Court's Order. The Court's January 5, 2026, Order directed that the parties to file a joint status report by January 20, 2026, not a unilateral report. *See* July 25, 2025, Min. Order, *WP Company LLC v. Dep't of Veterans Affairs*, Civ. A. No. 24-2661 (AHA) (D.D.C.) (striking a plaintiff's unilateral status report where the Court ordered the parties to file a joint status report).

Second, Plaintiff should not be permitted to file a counter proposal to the Court that Plaintiff afforded Defendant no time to respond to. Although Defendant sent Plaintiff a one-page draft joint status report early on Friday, January 16, 2026, Plaintiff did not submit Plaintiff's edits to that report until after 4:00pm on January 20, 2026, on the day the report was due. Plaintiff's edits were a page long and contained substantive argument contesting Defendant's proposed schedule with a request that the Court enter an accelerated production schedule instead. Plaintiff then opposed Defendant's good faith request for extended time to address Plaintiff's counter position, as the Court directed the parties to do in a joint status report, and then Plaintiff promptly filed that counter proposal on the docket before Defendant could respond to it. *See* Mot. to Extend Time (ECF No. 11); Status Report (ECF No. 12).

Third, as indicated by Plaintiff's Amended filing, (ECF No. 13), Plaintiff's status report contained misstatements that a joint status report could have been avoided. Defendant told Plaintiff, via counsel, at least two times that Defendant would make its final response by February 26, 2026. Yet, after filing an extension motion that repeated this date, Plaintiff's status report reported that Defendant's response would not be complete until March 20, 2026. Plaintiff did not fix this error until Defendant raised it with Plaintiff, through counsel, demonstrating that Plaintiff's

2

failure to afford time for the parties to file a joint status report, could have saved time and resources spent correcting Plaintiff's unilateral report.

After striking Plaintiff's status report, the Court should further reject Plaintiff's request to accelerate production in this case, which is unsupported. ODNI has proposed February 26, 2026, to issue its final response, which it believes will comprise fourteen pages of potentially responsive records to one request and a no-records response to the other request. Contrary to Plaintiff's representations, ODNI explained to Plaintiff why this timeline is reasonable and necessary, as it ensures sufficient time for ODNI to complete the process of clearing these 14 records for release, while continuing to handle the press of business in numerous other FOIA requests in litigation, many of which have been pending far longer than this litigation. ODNI is also using this time to ensure that the scope of its search is reasonable and complete before issuing its no-records response, which keeps with ODNI's obligations to search all locations reasonably likely to have responsive records. Therefore, ODNI is acting in good faith, and its proposed schedule is reasonable.

To allow time for ODNI to complete its final response by February 26, 2026, and for the parties to confer thereafter, ODNI asks this Court to allow the parties time to file a further joint status report by March 20, 2026 to apprise the Court of the status of this case and any issues with ODNI's response and to propose a schedule for further proceedings.

Plaintiff demanded, without justification, that ODNI complete its production in six days and make a final determination the week after. But Plaintiff's reasons why this Court should order ODNI to deviate from its proposed schedule are without merit, and caselaw supports ODNI's position instead. For example, Plaintiff can point to no support to establish that ODNI is not acting with due diligence to process Plaintiff's requests. *See Open America v. Watergate Special*

3

*Prosecution Force*, 547 F.2d 605, 615 (D.C. Cir. 1976) (holding that the Court's role in FOIA cases is reserved for instances when an agency has not shown due diligence in processing a FOIA request or when a requester can show reason for urgency in processing that request). Plaintiff alleges that ODNI failed to abide by the statutory timelines in responding to Plaintiff's request. But Plaintiff cites no caselaw that holds that an agency's failure to abide by statutory timelines is grounds to accelerate an agency's production after a requester has filed suit. To the contrary, the D.C. Circuit has held that "If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013). And by Plaintiff's logic, were every requester entitled to accelerated production once that requester filed suit, this would come at the expense of resources available to those requesters who have not filed suit. Indeed, Plaintiff can point to no reasons why the Court should order ODNI to accelerate production at the expense of other FOIA requests, many of which, as mentioned above, have been pending far longer than Plaintiff's request. *See Open America*, 547 F.2d at 615; *see also United States Dep't of State*, 289 F. Supp. 3d 81, 89 (D.D.C. 2018) (finding that while the government "has been able to satisfy its litigation obligations, these accomplishments were done at the expense of all other requesters seeking information from the government.") (quotations and citations omitted). Under FOIA, a Plaintiff who seeks expedited processing must make that request to the agency and demonstrate compelling need for such processing. *See* 5 U.S.C. § 552(a)(6)E(i)(I). In this case, Plaintiff has never sought expedited processing, nor does Plaintiff even attempt to establish any compelling need to support an accelerated processing schedule.

\*   \*   \*

Accordingly, because ODNI is acting diligently to process Plaintiff's request, its proposed processing schedule is reasonable, and Plaintiff can show no reason why the Court should deviate from ODNI's processing schedule, the Court should deny Plaintiff's request to accelerate ODNI's reasonable processing schedule ahead of other requesters. The Court should also reject Plaintiff's request to file a further joint status report by February 19, 2026, and allow the parties sufficient time to file a further status report by March 20, 2026, that addresses any remaining disputes in this case and to propose a schedule for further proceedings.

**Plaintiff**

ODNI's effort to squeeze a motion to strike into this Joint Status Report is procedurally improper and misconstrues the path that led to ODNI declining to further cooperate with Plaintiff's effort to comply with the Court's January 5 Order. Plaintiff stands by its statements about those matters contained in Plaintiff's Amended Status Report (Dkt. No. 13). In any event, nothing in ODNI's statement above justifies its position that it should be allowed up to six weeks to process 14 pages of material responsive to one of Plaintiff's FOIA requests and to confirm that there are no records responsive to the other.

There is no reasonable or lawful justification for ODNI's proposed delay. The agency has not requested an *Open America* stay (nor would one be warranted), and the suggestion that ODNI has acted diligently in responding to Plaintiff's FOIA requests is false: ODNI failed to comply with the mandatory statutory deadline to provide Plaintiff the determinations required by law when they were due and thereby forced Plaintiff to bring this action to obtain them and to obtain the records responsive to Plaintiff's FOIA requests. *See* Compl. ¶¶ 15, 17.

Similarly, moving forward on ODNI's proposed timeline is also incompatible with the concept of diligence. The FOIA requests are narrow and implicate only a small universe of

potentially responsive material. One request seeks material that Director of National Intelligence Tulsi Gabbard relied upon to support claims she made in a July 3, 2025, social media post ("First Request"). The other seeks disclosure of emails exchanged between two ODNI officials, one of whom is no longer with the agency, on and after April 25, 2025 ("Second Request").

There are apparently only four documents, comprising 14 pages of material, responsive to the First Request. The effort to process those documents should take less than a business day, maybe two. Plaintiff proposed 10 days. Given the limited scope of material at issue, that is not a request for "expedited" or "accelerated" processing, as ODNI tries to call it. It is a reasonable schedule for the ODNI to complete the work it should have completed, by statute, within 20 working days of receiving Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(A)(i).

As to the Second Request, it is unclear why ODNI needs up to six weeks to scour *two* ODNI officials' email accounts for their correspondence with each other starting in late April 2025. Again, ODNI was required by FOIA to have undertaken the slight effort to comply with this request long ago. Plaintiff has proposed two-and-a-half weeks to allow ODNI to confirm its apparently already conducted search and provide information to Plaintiff about how that search was conducted.

If ODNI meets these more than reasonable deadlines, the parties should be able to quickly identify whether there are any remaining disputes and, if so, prepare a scheduling to brief them with the Court. To that end, Plaintiff asks that the Court order:

- ODNI to disclose all non-exempt material responsive to the First Request, and simultaneously provide its basis for withholding any allegedly exempt material, no later than **January 30, 2026**;

- ODNI to provide its final determination regarding and/or disclose the material responsive to the Second Request no later than **February 6, 2026**; and

- the parties to submit a further Joint Status Report by **February 19, 2026**, that identifies any issues that may remain and, if necessary, a briefing schedule to bring those matters before the Court.

*     *     *

Dated: January 21, 2026   Respectfully submitted,

    Washington, D.C.   JEANINE FERRIS PIRRO,
United States Attorney

/s/ Matthew S.L. Cate
Matthew S.L. Cate (#1720435)   By:  /s/ Anna D. Walker
LAW OFFICE OF MATTHEW S.L. CATE   ANNA D. WALKER
101 Montgomery Street, Suite 900   D.C. Bar No. 90037215
San Francisco, CA 94104   Assistant United States Attorney
Tel/Fax: 415-964-4400   United States Attorney's Office
matt@matthewcatelaw.com   601 D. Street, N.W.
   Washington, D.C. 20530
*Counsel for Plaintiff*   (202) 252-2544
*Freedom of the Press Foundation*   Anna.Walker@usdoj.gov

   *Counsel for United States of America*